1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MATTHEW ANSEL,

11            Plaintiff,                    No. CIV S-06-2380 GEB DAD P

12       vs.

13   SUPERIOR COURT OF
     SACRAMENTO COUNTY, et al.,

14
              Defendants.              FINDINGS AND RECOMMENDATIONS

15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has paid the appropriate filing fee.  This proceeding was referred to this court

18   by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

19            The court will recommend that this action be dismissed because the court lacks

20   subject matter jurisdiction over this action to the extent it is brought against the state courts

21   named as defendants, plaintiff has failed to exhaust his administrative remedies, and plaintiff has

22   failed to state a claim upon which relief can be granted.

23            Plaintiff has named as defendants the Superior Court of Sacramento County, the

24   Superior Court of Los Angeles County, the California Department of Corrections and

25   Rehabilitation ("CDCR"), and "the vast number of assorted professional parties that have . . .

26   neglected to protect plaintiff's rights" (hereinafter "assorted professionals").

1

1    Plaintiff alleges that for several years, he has had a problem with drug abuse.  He

2  also alleges that he has a significant level of bi-polar tendencies as well as a tendency to engage

3  in obsessive-compulsive behavior.  (Compl. Attach. at 4).  Plaintiff alleges that no one has

4  properly addressed his mental illnesses and that he is in an "ongoing existential angst."  (Compl.

5  Attach. at 6).

6    Plaintiff alleges that the defendants acted improperly in his state criminal cases by

7  not adequately investigating or applying evidence of his previous and ongoing mental illnesses.

8  (Compl. Attach. at 1).  Plaintiff alleges that he does not dispute his guilt with respect to those

9  criminal charges, but rather, is hoping to expose the two defendant courts for ignoring his rights

10  under the Americans with Disabilities Act and other laws designed to protect people with

11  disabilities.  Plaintiff states that his primary argument is that he "did not have the appropriate

12  mental awareness to make informed choices regarding either his guilt, or the potential

13  consequences." (Compl. Attach. at 6).

14    Plaintiff lists several examples to demonstrate how the defendants have failed to

15  protect his rights.  First, he alleges that in his Sacramento County criminal case, he received a

16  sentence of 365 days in jail, followed by a sentence of 13 years suspended to be served in state

17  prison if he violated probation.  Plaintiff claims that the length of his probation was so extreme,

18  that it essentially guaranteed his failure.  (Compl. Attach. at 7).  Plaintiff next alleges that both

19  Sacramento County and Los Angeles County ordered that he receive psychological evaluations,

20  but at no time did plaintiff receive a diagnosis that the defendant courts could accept as the

21  underlying cause of his drug abuse.  Plaintiff maintains that the defendant courts are more

22  inclined to clear their docket than address the needs of an individual.  (Compl. Attach. at 7).

23  Plaintiff also claims that the CDCR has the task of providing mental-health care to prisoners, but

24  has the worst staff to inmate ratio in the civilized world.  Plaintiff alleges that, rather than

25  provide court-mandated care, CDCR provides inadequate and ineffective care.  (Compl. Attach.

26  at 7).  Finally, plaintiff claims that "assorted professionals" have neglected their humane duties

1    because they have failed to address this miscarriage of justice in their internal court memoranda

2    and CDCR policy implementation and have failed to inform the legislature or higher courts of

3    these inhumane circumstances.

4            Plaintiff alleges that his illegal activity is secondary to his documented illness and

5    claims that the "exorbitant sentence" imposed by the state courts is improper and does not

6    properly address his mental health problems.  Plaintiff concludes that defendants have treated

7    him improperly in violation of his rights under the Eighth and Fourteenth Amendments as well as

8    under the Americans with Disabilities Act and other statutes designed to prohibit discrimination

9    against people with disabilities.  (Compl. Attach. at 8-9).

10           Plaintiff seeks an order from this court directing the Sacramento County Superior

11   Court to properly review his case and consider his standing regarding the Americans with

12   Disabilities Act.  (Compl. Attach. at 9).  Plaintiff also seeks an order directing the Los Angeles

13   Superior Court to do the same.  (Compl. Attach. at 9).  In addition, plaintiff seeks an order

14   directing CDCR to properly implement the Plata v. Schwarzenegger agreement. (Compl. Attach.

15   at 9). Plaintiff also seeks an order from this court directing all defendants to complete remedial

16   training regarding the assessment, diagnosis, and treatment of all features related to Titles II, III,

17   and V of the Americans with Disabilities Act and appropriate international treaties and

18   agreements related to the rights of people with disabilities.  (Compl. Attach. at 10).  Finally,

19   plaintiff seeks appropriate punitive and injunctive relief as well as any other relief the court

20   deems proper.  (Compl. Attach. at 10).

21           The undersigned will recommend that this action be dismissed because: (1) the

22   court lacks subject matter jurisdiction under the Rooker-Feldman doctrine to hear plaintiff's

23   claims against defendants Sacramento County Superior Court and Los Angeles County Superior

24   Court; (2) plaintiff has failed to exhaust his administrative remedies as required under the Prison

25   Litigation Reform Act; and (3) plaintiff has failed to state a claim against defendants CDCR and

26   "assorted professionals."

1    First, the court lacks subject matter jurisdiction under the <u>Rooker-Feldman</u>

2  doctrine to hear plaintiff's claims against the Sacramento County Superior Court and the Los

3  Angeles County Superior Court.  <u>See</u> <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923); <u>District</u>

4  <u>of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).  Under the <u>Rooker-Feldman</u>

5  doctrine, a federal district court lacks subject matter jurisdiction to hear an appeal of a state

6  court's final judgment.[1]  <u>See</u> <u>Noel v. Hall</u>, 341 F.3d 1148, 1154 (9th Cir. 2003).  The U.S.

7  Supreme Court is the only federal court with jurisdiction to hear such an appeal.[2]  <u>Id.</u>  As the

8  Ninth Circuit has explained:

9        A party disappointed by a decision of a state court may seek
         reversal of that decision by appealing to a higher state court.  A
10       party disappointed by a decision of the highest state court in which
         a decision may be had may seek reversal of that decision by
11       appealing to the United States Supreme Court.

12  <u>Noel</u>, 341 F.3d at 1155.  However, the disappointed party may not appeal to a federal district

13  court, even if a federal question is at issue in the case.  <u>Id.</u>

14  /////

15

16        [1]  In <u>Rooker</u>, the plaintiffs alleged that a state court had erred in deciding their federal
    constitutional claims.  The plaintiffs brought a suit in a federal district court claiming that they
17  were legally wronged by the state court's allegedly erroneous legal rulings.  At the outset, the
    Supreme Court held that the state court had jurisdiction over the parties and the subject matter of
18  the case, and therefore, its judgment was not void.  <u>Rooker</u>, 263 U.S. at 415.  The Court
    explained that the alleged constitutional errors could only be modified or corrected in appropriate
19  appellate proceedings.  <u>Id.</u>  The Court emphasized that the federal district court's jurisdiction is
    "strictly original," so it could not hear the plaintiff's claims.  <u>Id.</u> at 416.  In <u>Feldman</u>, a plaintiff
20  sued a local court and its officers, seeking declaratory judgment that a local rule related to
    admission to the District of Columbia bar violated the Fifth Amendment.  The Supreme Court
21  found that part of the plaintiff's suit was a forbidden de facto appeal because it effectively sought
    review of the local court's judicial decision even though part of the suit was permissible.
22  <u>Feldman</u>, 460 U.S. at 482-83.  The Court held that the district court lacked jurisdiction because
    the part of the plaintiff's suit that the Court had deemed permissible was "inextricably
23  intertwined" with the part that the Court had deemed forbidden.  <u>Id.</u> at 486-87.

24        [2]  There are two exceptions to this rule.  First, federal district courts have original
    jurisdiction to consider petitions for habeas corpus brought by state prisoners, claiming state
25  courts have made an error of federal law.  Second, federal bankruptcy courts have original
    jurisdiction to modify, discharge, and avoid state judgments.  <u>See</u> <u>Noel</u>, 341 F.3d at 1155.  This
26  case does not fall within either exception.

Thus, Rooker has been interpreted to mean that "when a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal." Id. at 1156.  Similarly, Feldman  has been interpreted to mean that "[a] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal.  As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." Id. at 1158.  In this latter regard, it has been explained that there are two kinds of forbidden de facto appeals:

> First, the federal plaintiff may complain of harm caused by a state court judgment that directly withholds a benefit from (or imposes a detriment on) the federal plaintiff, based on an allegedly erroneous ruling by that court.

> Second, the federal plaintiff may complain of a legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants.

Noel, 341 F.3d at 1163.

The present case appears analogous to the second type of forbidden de facto appeal.  Although plaintiff does not dispute his guilt with respect to the criminal charges brought against him in state court, he alleges that he was not of the appropriate mental state to make informed choices regarding his pleas in those proceedings.  Plaintiff's primary claim in this regard is that the two state courts he has named as defendants did not properly consider his mental condition.  Plaintiff seeks orders from this court directing the two courts to effectively reconsider their final judgments, including his pleas and sentences.  Thus, plaintiff is claiming a legal injury (his "exorbitant sentence" and violations of his Eighth Amendment and Fourteenth Amendment rights as well as violations of his rights under the Americans with Disabilities Act), caused by two allegedly erroneous state court judgments that failed to properly consider plaintiff's mental state.  As the Supreme Court explained in  Rooker, such legal wrongs or

1   constitutional errors as alleged by plaintiff may only be corrected in the appropriate appellate

2   proceedings.  See Rooker, 263 U.S. at 415; Feldman, 460 U.S. at 482 ("a United States District

3   Court has no authority to review final judgments of a state court in judicial proceedings"); Noel,

4   341 F.3d at 1154 (a federal district court does not have subject matter jurisdiction to hear a direct

5   appeal from the final judgment of a state court"); see also, e.g., Allah v. Superior Court, 871 F.2d

6   887 (9th Cir. 1989) ("To the extent that Allah requested the district court to conduct a direct

7   review of the state court's judgment and to scrutinize the state court's application of various rules

8   and procedures pertaining to his case, the district court lacked subject matter jurisdiction over his

9   complaint.").  Accordingly, this court should dismiss plaintiff's claims against defendants

10  Superior Court of Sacramento County and Superior Court of Los Angeles County for lack of

11  subject matter jurisdiction under the Rooker-Feldman doctrine.[3]

12          The undersigned court will also recommend that plaintiff's claims against the

13  remaining defendants, CDCR and "assorted professionals," be dismissed because plaintiff has

14  failed to exhaust his administrative remedies.  Under the Prison Litigation Reform Act of 1995

15  ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of

16  this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

17  facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

18  This exhaustion requirement "applies to all inmate suits about prison life, whether they involve

19  general circumstances or particular episodes, and whether they allege excessive force or some

20  other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).

21          A prisoner's concession to nonexhaustion is a valid ground for dismissal of an

22  action.  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); McKinney v. Carey, 311 F.3d

23

24          [3]  Of course, to the extent a state prisoner challenges the legality of his confinement and
    the relief he seeks is the determination of his entitlement to an earlier or immediate release, his
25  sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).
    It is unclear from plaintiff's complaint whether such relief is in fact what he ultimately seeks.  If
26  so, his only federal remedy would be by filing a petition for writ of habeas corpus following
    proper exhaustion of his claims in state court.

1198, 1200-01 (9th Cir. 2002) (per curiam).  On plaintiff's complaint form, Question II.B. asks

"Have you filed a grievance concerning the facts relating to this complaint?"  Plaintiff has

checked the "No" box.  In the lines provided to explain why not, plaintiff has merely stated

"N/A."  Question II.C. asks "Is the grievance process completed?"  Plaintiff has checked the

"Yes" box.  The court infers from plaintiff's responses that he has not filed any grievances

related to the claims in this action because he believes the exhaustion requirement does not apply

to him or does not apply to this case.  Plaintiff is advised that the he may not bring a § 1983

action unless he exhausts his administrative remedies.  Moreover, if a court concludes, as it does

here, that a prisoner has not exhausted administrative remedies, "the proper remedy is dismissal

of the claim without prejudice."  Wyatt, 315 F.3d at 1120.  Accordingly, the court will

recommend that plaintiff's claims against CDCR and "assorted professionals" be dismissed due

to plaintiff's failure to exhaust administrative remedies.

          Finally, even if the court has misinterpreted plaintiff's responses on his complaint

form, the court will nevertheless recommend that the plaintiff's claims against CDCR and

"assorted professionals" be dismissed for failure to state a cognizable claim.  A claim should be

dismissed for failure to state a claim upon which relief may be granted only if it appears beyond

doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to

relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S.

41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir.

1981).  In reviewing a complaint under this standard, the court must accept as true the allegations

of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The

court must also construe the pleading in the light most favorable to the plaintiff and resolve all

doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  There can

be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection

between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362

/////

1  (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740,

2  743 (9th Cir. 1978).

3          In the present case, plaintiff has failed to include any allegations as to how

4  defendants CDCR and "assorted professionals" have violated his constitutional rights.  For

5  example, with respect to defendant CDCR, plaintiff alleges only as follows:

6          The California Department of Corrections and Rehabilitation has
          been tasked with affording mental health care to thousands of this
7          states citizens, but has the worst staff to inmate ratio in the
          civilized world.  Rather than provide COURT MANDATED care,
8          they provide such inadequate an ineffective care, that there are
          absolutely no legitimate excuses for this failure other than political
9          largess, and the attempt to acquire more money while sacrificing
          fundamental human rights of those affected.

10

11 With respect to defendant "assorted professionals," plaintiff alleges only states:

12         Assorted "professionals" have further neglected their humane duty,
          by not addressing this miscarriage of justice in either internal court
13         memoranda, CDCR policy implementation, or the fundamental
          need to inform the legislature, or higher courts, of this inhumane
14         circumstance.

15 Although it appears that the plaintiff is sincerely concerned about the adequacy of mental-health

16 care provided to individuals facing trial in state court as well as to state prisoners, plaintiff has

17 failed to allege with any degree of particularity overt acts which defendants engaged in that

18 support the claims he has presented in this action with respect to the health care he received.

19 Accordingly, the court will recommend that plaintiff's claims against defendants CDCR and

20 "assorted professionals" be dismissed for failure to state a claim upon which relief may be

21 granted.

22         IT IS HEREBY RECOMMENDED that this action be dismissed on the grounds

23 that the court lacks subject matter jurisdiction under the <u>Rooker-Feldman</u> doctrine to hear

24 plaintiff's claims against defendants Superior Court of Sacramento County and Superior Court of

25 Los Angeles County.  In addition, the plaintiff has failed to exhaust his administrative remedies

26 /////

1    as required by the Prison Litigation Reform Act.  Finally, the plaintiff has failed to state a claim

2    upon which relief can be granted against defendants CDCR and "assorted professionals."

3                    These findings and recommendations are submitted to the United States District

4    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

5    days after being served with these findings and recommendations, plaintiff may file written

6    objections with the court.  The document should be captioned "Objections to Magistrate Judge's

7    Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

8    specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

9    F.2d 1153 (9th Cir. 1991).

10    DATED: April 11, 2007.

11

12                                        _____

13                                        DALE A. DROZD
                                          UNITED STATES MAGISTRATE JUDGE
14    DAD:9
       anse2380.56
15

16

17

18

19

20

21

22

23

24

25

26

                                              9